By the Court.
 

 The defendant in error, Commodore D. Dotson, brought an action against the plaintiff in error upon a promissory note, of which the following is a copy:
 

 “$1,146.50
 

 “Parkersburg, W. Va., May 22, 1914.
 

 “Ninety days after date I promise to pay to the order of Parkersburg & Marietta Sand Co., eleven hundred and forty-six 50-100 dollars. Value received, negotiable and payable at the Parkersburg National Bank, Parkersburg, W. Va.
 

 “Str. M. D. Wayman, Owner.
 

 “--, Master.
 

 “By H. B. Hulings.”
 

 ‘*Post office.
 

 “Indorsed: Parkersburg Marietta Sand Co.
 

 “By C. D. Dotson, Treas.”
 

 
 *158
 
 The defendant, by answer, set up eight separate defenses to this note. Judgment was entered in favor of Dotson in the court of common pleas and affirmed by the Court of Appeals. Error is prosecuted in this court.
 

 Several errors are assigned, but substantially the entire argument, both oral and in the brief of counsel for plaintiff in error, is to the effect that in no sense can this note be held to be the personal obligation of Hulings, and that the note is in fact a maritime bottomry bond constituting a hypothecation of the steamer M. D. Wayman for its payment, and as such could only be enforced in the admiralty court, and that hence the court of common pleas had no jurisdiction to entertain this action and the affirmance in the Court of Appeals avails nothing.
 

 In both the court of common pleas and Court of Appeals this contention that the note was a bottomry bond was wholly rejected, and the note was held to be the personal obligation of Hulings, owner and master of the boat, under Section 8123, General Code.
 

 This court is unable to see any merit in the claim that this note is a bottomry bond and can only be enforced as such in a court of admiralty. The note has none of the essential features of a bottomry bond, nor is there any evidence in the record to show that the circumstances attending the execution and delivery of this note formed any sort of proper basis for the execution of a bottomry bond by the master of the vessel. In this instance the same party, Hulings, was both the owner and the master of the vessel, and in the body of the
 
 *159
 
 note he said: “I promise to pay,” etc. We might speculate as to why he signed the note in the form he did, but we think it wholly immaterial why he made the note in this form. It must be held to stand as his personal obligation, no matter what his reason may have been. The evidence in the record does not sustain any one of the eight defenses presented in the answer. The note states it was issued for value received. There is no doubt about the signature being that of Hulings himself. There is no evidence sufficient to sustain the claim that the note has been paid, and there is no doubt about the ownership of the note by the defendant in error.
 

 The judgment entered in the trial court and affirmed by the Court of Appeals is correct and free from error prejudicial to the plaintiff in error, and is hereby affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.